1

2

3

4

5

6

7

8

9
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10    YOLANDA LUND,                          CASE NO. 19-cv-5827 RJB

11                      Plaintiff,           ORDER GRANTING
                                             DEFENDANT JASON PARDES'S
12           v.                              MOTION TO VACATE ENTRY
                                             OF DEFAULT
13    JASON PARDES, an individual,
      PIERCE COUNTY SHERIFF'S
14    OFFICE, a division of Pierce County,
      PIERCE COUNTY, a governmental unit
15    within the State of Washington, DOE 1-
      5,
16
                      Defendants.
17

18         This matter comes before the Court on Defendant Jason Pardes's Motion to Vacate

19   Default.  Dkt. 37.  The Court has considered the pleadings filed regarding the motion and the

20   remaining file.

21         This case arises from Defendant Pierce County, Washington Jail Corrections Officer

22   Jason Pardes's alleged sexual assault of the Plaintiff, who was, at the time, a female inmate at the

23   jail. Dkt. 1.  On January 8, 2018, Defendant Pardes pled guilty to Custodial Sexual Misconduct

24

ORDER GRANTING DEFENDANT JASON
PARDES'S MOTION TO VACATE ENTRY OF
DEFAULT- 1

1  in the First Degree and served his 365-day sentence at the Enumclaw County, Washington Jail.

2  *Id*.; Dkt. 20, at 31-42.

3      For the reasons provided below, Defendant Pardes' motion should be granted and the

4  entry of default against him should be vacated.

5                              **FACTS**

6      This case was filed on July 25, 2019.  Dkt. 1.  Defendant Pardes was served with a

7  summons and copy of the Complaint on August 10, 2019 at his residence; at that point, he was

8  no longer in custody. Dkt. 13, at 4.  He failed to timely appear in the case or otherwise answer

9  the Complaint.  The case was removed to this Court by Defendants Pierce County Sheriff's

10 Office and Pierce County (collectively the "County") on September 9, 2019.  Dkt. 1.

11     On December 6, 2019, the Clerk of the Court entered default against Defendant Pardes.

12 Dkt. 14.  On January 21, 2020, the Plaintiff moved for entry of a default judgment against

13 Defendant Pardes for over $1.2 million dollars.  Dkt. 19.  The motion was renoted twice (Dkts.

14 21 and 30) and supplemental briefing was filed.

15     On February 18, 2020, Barbara Corey filed a notice of appearance for Defendant Pardes.

16 Dkt. 29.

17     On March 16, 2020, the Plaintiff's motion for entry of default judgment was denied

18 without prejudice.  Dkt. 33.

19     The parties, including Defendant Pardes through counsel, have been exchanging

20 discovery, although there has been some dispute about his right to participate.  *See generally,*

21 Dkt. 42.  Defendant Pardes' deposition was taken on August 3, 2020.  Dkt. 41.

22     On September 10, 2020, Defendant Pardes filed an "Answer to Plaintiff's Complaint [sic]

23 for Damages."  Dkt. 36.  On September 14, 2020, he filed the instant motion to vacate.  Dkt. 37.

24

1    The Plaintiff opposes the motion.  Dkt. 39.

2       The discovery deadline was September 14, 2020 and the dispositive motions deadline is

3 October 13, 2020.  Dkt. 16.  The trial is set to begin on January 11, 2021.  *Id.*

4 **<u>DISCUSSION</u>**

5       Fed. R. Civ. P. 55(c), provides that "the court may set aside an entry of default for good

6 cause."  In order to "determine good cause, a court must consider three factors: (1) whether the

7 party seeking to set aside the default engaged in culpable conduct that led to the default; (2)

8 whether it had no meritorious defense; or (3) whether reopening the default judgment would

9 prejudice the other party."  *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615

10 F.3d 1085, 1091 (9th Cir. 2010)(*internal quotation marks and citation omitted*).

11       Defendant Pardes has shown adequate good cause to set aside the default entered against

12 him.  His motion to set aside the default (Dkt. 37) should be granted.

13       Defendant Pardes has demonstrated that he did not engage in culpable conduct that led to

14 the default.  "A defendant's conduct is culpable if he has received actual or constructive notice of

15 the filing of the action and intentionally failed to answer."  *Signed Pers. Check No. 730*, at 1092.

16 "To treat a failure to answer as culpable, the movant must have acted with bad faith, such as an

17 intention to take advantage of the opposing party, interfere with judicial decision making, or

18 otherwise manipulate the legal process."  *Id.*  There is no evidence that Defendant Pardes acted

19 in bad faith in his failure to answer timely.  While he had notice of this lawsuit over a year ago,

20 there is no evidence that he intended to take advantage of the Plaintiff or County, interfere with

21 this Court's decision making or "otherwise manipulate the legal process."  *Signed Pers. Check*

22 *No. 730*, at 1092.

23

24

1    It is unclear whether Defendant Pardes has "no meritorious defense" on the current

2    record.  The dispositive motions deadline is in less than two weeks.

3    There is no showing that reopening the default would prejudice the Plaintiff.  There are

4    no grounds to reset the case schedule.  Defendant Pardes participated in discovery and in other

5    aspects of the case.

6    Defendant Pardes has shown sufficient good cause to vacate entry of default against him.

7    **IT IS SO ORDERED**.

8    The Clerk is directed to send copies of this Order to all counsel of record and to any party

9    appearing *pro se* at said party's last known address.

10    Dated this 5th day of October, 2020.

11

12

13    ROBERT J. BRYAN
     United States District Judge

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING DEFENDANT JASON
PARDES'S MOTION TO VACATE ENTRY OF
DEFAULT- 4